RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0336p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

TEXAS GAS TRANSMISSIONS, LLC,

        *Plaintiff-Appellant,*

    *v.*

BUTLER COUNTY BOARD OF COMMISSIONERS;
GREGORY JOLIVETTE, CHARLES FURMON,
MICHAEL FOX, Butler County
Commissioners; BUTLER COUNTY, OHIO;
HUT-1-LLC,

        *Defendants-Appellees.*

No. 09-3743

> Appeal from the United States District Court
> for the Southern District of Ohio at Cincinnati.
> No. 06-00440—Susan J. Dlott, Chief District Judge.

Argued: April 29, 2010

Decided and Filed: October 29, 2010

Before: GIBBONS and GRIFFIN, Circuit Judges; DOWD, Senior District Judge.[*]

_____

## COUNSEL

**ARGUED:** Wilson G. Weisenfelder, Jr., RENDIGS, FRY, KIELY & DENNIS, Cincinnati, Ohio, for Appellant. C. J. Schmidt, III, WOOD & LAMPING LLP, Cincinnati, Ohio, for Appellees. **ON BRIEF:** Wilson G. Weisenfelder, Jr., Lynne Marie Longtin, RENDIGS, FRY, KIELY & DENNIS, Cincinnati, Ohio, for Appellant. C. J. Schmidt, III, WOOD & LAMPING LLP, Cincinnati, Ohio, Roger S. Gates, BUTLER COUNTY PROSECUTOR'S OFFICE, Hamilton, Ohio, Thomas L. Cuni, Mark A. Wilder, CUNI, FERGUSON & LeVAY CO., L.P.A., Cincinnati, Ohio, for Appellees.

_____

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

1

———————————

**OPINION**

———————————

PER CURIAM.  This case concerns the impact of Butler County's proposed improvement to Princeton Road on two 26-inch subterranean gas pipelines owned by Texas Gas.  The pipelines intersect the road and, in part, run underneath Butler County's 66-foot wide right-of-way on Princeton Road.  The improvement will accommodate the traffic caused by the construction of a new residential subdivision and require the strengthening or removal of Texas Gas's underground pipelines.  The majority of the improvement will take place within Butler County's 66-foot wide right-of-way, but a portion will occur alongside the right-of-way in an area where Texas Gas has a property interest superior to that of Butler County.  Before the district court, the parties brought competing claims for declaratory and injunctive relief, seeking a declaration of the priority of their respective property interests and of Butler County's authority to order Texas Gas to strengthen or remove the pipelines underneath Princeton Road at the company's expense.

After a bench trial, the district court granted Butler County declaratory relief and entered an order providing, in relevant part for this appeal, that: (1) Butler County had a 66-foot wide right-of-way that was superior to Texas Gas's pipeline easements; (2) the planned improvements to Princeton Road are not an unreasonable interference with Texas Gas's easements; and (3) Ohio Revised Code § 5547.03 granted Butler County the authority to order Texas Gas to strengthen or remove the pipelines at its own expense.  Texas Gas timely appealed, arguing that the district court improperly interpreted Ohio Revised Code § 5547.03 and that the district court's order authorized an unconstitutional taking of its superior interest in the land running alongside Butler County's right-of-way.

At oral argument, it became apparent that the dispute between the parties is a narrow one. Texas Gas emphasized that it is not appealing the district court's settlement

of the competing property claims within the 66-foot wide Princeton Road right-of-way. Indeed, Texas Gas does not dispute that Butler County has a superior interest within that area and may order it to strengthen or remove the pipelines. On the other hand, counsel for Butler County stated expressly that the County is not asking us to affirm the district court's judgment to the extent it authorizes the County to order Texas Gas to strengthen or remove the portions of its pipelines outside of the County's right-of-way. Counsel indicated that so long as the County may act within its right-of-way, we "don't even have to reach" the issue of its rights outside that area. In essence, Butler County wants the authority to act within its right-of-way, to which Texas Gas has no objection, and Texas Gas wants to prevent Butler County from ordering it to alter the pipelines outside of the County's right-of-way, to which Butler County has no objection.

At oral argument, counsel for Texas Gas insisted that the issue before the court on appeal was the correctness of the district court's decision with respect to the area outside the right of way in which Texas Gas has the superior interest. To analyze this issue properly, we must closely examine the district court's opinion. The operative language of the declaratory judgment does not specify that it applies to the area outside the right of way as well as the area within it. Yet clearly the opinion as a whole interprets the statute to allow Butler County to direct Texas Gas to remove or reinforce its pipelines at Texas Gas's expense. Clearly, also, the opinion denies Texas Gas an injunction and thus permits the project to go forward. And as a practical matter, going forward with the project and paying for removal or reinforcement of the pipelines involve portions of the pipelines that are both within and outside the right of way. The district court unmistakably avoided any issues that Texas Gas might raise through resort to state remedies, as well as issues that might be raised in a Takings Clause claim made after state remedies were exhausted. And in fact, the district court recognized that Texas Gas "may" be entitled to partial compensation to the extent the pipelines are affected by the new berm, which is the area outside the right of way.

Texas Gas has effectively abandoned any effort to challenge the district court's application of Ohio Revised Code § 5547.03, except on constitutional grounds. Given

Texas Gas's concessions with respect to the district court's order generally and its failure to challenge its underpinnings with respect to Butler County's entitlement to go forward, it appears to us that we lack jurisdiction over any remaining issues in this appeal. It is well-settled that a plaintiff alleging an unconstitutional taking of private property by a government entity must first exhaust available state remedies, regardless of the nature of the taking. *River City Capital, LP v. Bd. of County Comm'rs, Clermont Cnty., Ohio*, 491 F.3d 301, 302 (6th Cir. 2007). Although a Takings Clause claim paired with 42 U.S.C. § 1983 appears to present a clear basis for federal question jurisdiction under 28 U.S.C. § 1331, "the Supreme Court has ruled that constitutional takings claims are not ripe for federal court review until state compensation procedures, assuming they exist and are adequate, have been exhausted." *Id*. at 306 (discussing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985)). Before exercising jurisdiction over a Takings Clause claim, a federal court must ensure that the relevant state compensation procedures are "reasonable, certain, and adequate." *Id*. at 307 (citations omitted). This Court has held unambiguously that Ohio affords such a procedure through an action for *mandamus* to compel a government entity to institute appropriation proceedings against the private property owner. *Id*. (citing *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006)). This procedure, as set forth in sections 163.01 to 163.22 of the Ohio Revised Code, must be followed regardless of whether a physical or regulatory taking is at issue. *Id*. Texas Gas concedes that it has not instituted any such proceedings in state court. "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992) (citation omitted). A federal court must determine whether a claim is ripe for review, "even if neither party has raised this issue." *Id*.

Because we lack jurisdiction to consider whether Butler County's actions constitute a taking of property for which just compensation must be provided, we dismiss Texas Gas's appeal as it relates to those issues. In all other respects, we affirm.